UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-40-GWU

ANN FEE,                                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

Ann Fee originally brought <u>Fee v. Barnhart</u>, London Civil Action No. 05-632-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income.  After a period of administrative reconsideration prompted by the court's Memorandum Opinion, Order, and Judgment of October 20, 2006 (Tr. 704-713A), it is again before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 855 (6th Cir. 1990).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

09-40  Ann Fee

whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to

2

perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework

3

09-40  Ann Fee

for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fee, a 47-year-old former certified nurse assistant, cashier and fast food worker with a "limited" education, suffered from impairments related to bronchitis, chronic obstructive pulmonary disease due to nicotine abuse, right knee pain due to degenerative joint disease, dysthymia, anxiety, obesity, low back pain of uncertain etiology and hypothyroidism. (Tr. 480, 484).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 481, 484). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 484-

4

09-40  Ann Fee

485).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 485).

The undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Jackie Rogers included an exertional limitation to medium level work, restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb stairs or ramps, (3) an inability to perform work requiring the operation of foot pedal controls with the right leg; (4) a need to avoid aerobic activity such as running or jumping; (5) a need to avoid exposure to concentrated dust, gases, fumes, smoke, chemicals, poor ventilation, excess humidity or temperature extremes; (6) a limitation to simple, repetitive procedures with no frequent changes in work routines and no requirement for detailed or complex problem solving, independent planning or setting of goals; and (7) a limitation to object-oriented environments with only occasional interaction with co-workers, supervisors, or the general public.  (Tr. 986-987).  In response, Rogers identified a significant number of medium and light level jobs which could still be performed.  (Tr. 987-988).  Therefore, assuming that the vocational factors

considered by the expert fairly characterized Fee's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

This action was previously remanded by the undersigned because the ALJ erred in evaluating Fee's mental condition.  (Tr. 712-713A).  The ALJ relied upon the opinion of Psychologist James Leisenring, a consultative examiner, to support the administrative decision.  (Tr. 148-153).  However, the undersigned concluded that the opinion was ambiguous and did not provide support for the decision.  (Tr. 713).  Upon remand, this problem has been cured.

Following the remand of the action to the administration, additional evidence was obtained which provides substantial evidence to support the administrative decision.  Dr. Cary Wortz performed a consultative examination and noted that Fee had a normal mood and affect.  (Tr. 630).  Dr. Wortz concluded that the plaintiff did not suffer from a "severe" mental impairment.   (Id.).   The extensive mental restrictions found by the ALJ were compatible with this opinion.  The record was also reviewed by Psychologist Jay Athy who opined that the claimant would be "moderately" limited in handling detailed instructions, completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, and responding appropriately to changes in the work setting.  (Tr. 651-652). The mental factors of the hypothetical question were arguably consistent with these

somewhat differently worded restrictions.  Significantly, Fee has not raised any objection to the ALJ's handling of the evidence relating to her mental status. Therefore, the court finds no error.

The ALJ dealt properly with the evidence of record relating to Fee's physical condition.  Dr. Mark Burns, an examining consultant, noted that physical and orthopedic examinations were within normal limits.  (Tr. 418).  Dr. Burns opined that the plaintiff would have no restriction in such areas as sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling. (Id.).  The ALJ's findings were compatible with this opinion.  Dr. Wortz also found no significant restriction in such areas as stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, and handling objects.  (Tr. 629).  The doctor noted some mild impairment with regard to her pulmonary condition.  (Tr. 630).  However, the hypothetical question included a number of environmental restrictions which would accommodate this limitation.[1]  Finally, Dr. Parandhamulu Saranga, a non-examining medical reviewer, opined that the claimant did not suffer

---

[1]Fee continued her cigarette smoking habit despite her respiratory problems.  (Tr. 629).  In Mullins v. Secretary of Health and Human Services, 836 F.2d 980 (6th Cir. 1987), the court found that in view of a claimant's continued smoking habit, "it was difficult to invision [sic] a severe and environmental restriction imposed by a pulmonary condition."  Mullins, 836 F.2d at 985.  Therefore, no environmental restrictions related to a pulmonary problem would appear to be required.

09-40  Ann Fee

from a "severe" physical impairment.[2]  (Tr. 192).  These reports provide substantial evidence to support the administrative decision.

Dr. Ferdousi Begum, a treating physician, identified a number of extremely severe physical restrictions on a Work-Related Activities Form including an inability to lift or carry more than 10 pounds, to stand or walk for more than four hours a day, and to sit for more than two hours a day, and also having a need to take unscheduled breaks to lie down.  (Tr. 666-667).  When these restrictions were presented to the vocational expert, she could not name any jobs which would remain available.  (Tr. 988).  The ALJ rejected this opinion as binding because he did not believe Dr. Begum's restrictions were well supported by objective medical data.  (Tr. 483).  The claimant asserts that the ALJ erred on this point.  However, the ALJ noted that review of the doctor's treatment records failed to indicate any referrals for pain management or physical therapy nor had the physician restricted the patient's activities.  (Id.).  The doctor had noted that the claimant was "doing fine" in September, 2007, January, 2008 and March, 2008.  (Id.).  A CT scan of the lumbar spine was noted to have been negative.  (Id.).  The plaintiff had reported fairly normal activities such as washing dishes, doing laundry, driving and preparing

---

[2]Dr. Calixto Hernandez, another non-examining consultant, did restrict the plaintiff to a limited range of light level work.  (Tr. 655-663).  These restrictions were more severe than those found by the ALJ.  However, his opinion was outweighed by those of the actual examining sources.

8

09-40  Ann Fee

meals.  (Id.).  Despite a history of breathing problems she continued to smoke cigarettes.  (Id.).  Treatment notes from Dr. Begum report finding no finding of neurological deficits on numerous occasions.  (Tr. 601, 613, 615, 618, 625, 664. 668-669, 746, 749, 751, 753-754).   Therefore, the ALJ properly rejected this opinion.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of January, 2010.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

9